UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERNEST G. RODEN | CIVIL ACTION |
| VERSUS | NO. 13-6753 |
| SYNERGY TECHNOLOGIES, INC., & STERIFX, INC. | SECTION "F" |

ORDER & REASONS

Before the Court is the defendants' motion for summary judgment. For the reasons that follow, the motion is DENIED.

Background

This is a patent infringement dispute.

The plaintiff alleges that in the early 1990s, he invented a safe-acid technology for use in food processing, in the military to neutralize germ-warfare agents, and as a general disinfectant. The plaintiff and others then formed SteriFx, Inc., later succeeded by Synergy Technologies, Inc., for the purpose of exploiting the safe-acid technology. After disagreements, the plaintiff alleges that SteriFx and Synergy stole his patent rights to the safe-acid technology.

In April 2011, the plaintiff filed a voluntary petition for bankruptcy under Chapter 13. At no time during the bankruptcy proceedings did he disclose ownership of any intellectual property rights, including rights to the safe-acid technology. The plaintiff specifically represented to the bankruptcy court that he

1

did not have an interest in any contingent or unliquidated claims of any kind.  The bankruptcy court entered four separate plan confirmation orders before dismissing the case without discharge in July 2013, based on the plaintiff's failure to timely make required payments.

In December 2013, the plaintiff filed this lawsuit against SteriFX and Synergy alleging claims of patent infringement, fraud, breach of contract, and theft.  The defendants now move for summary judgment on the issue of judicial estoppel.

## I.  Summary Judgment Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is

appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2).  Finally, in evaluating summary judgment, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II.   Law & Application

"The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding."  Love v. Tyson Foods, Inc., 677 F.3d 258, 261 (5th Cir. 2012).  "The aim of the doctrine is to 'protect the integrity of the judicial process.'"  Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)).

In determining whether to apply judicial estoppel, the Court

primarily considers whether: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently."  Reed v. City of Arlington, 650 F.3d 571, 574 (5th Cir. 2011)(en banc). However, the doctrine should not be applied inflexibly or without due consideration for the specific factual context.  Love, 677 F.3d at 261.  The Fifth Circuit has held that judicial estoppel may be "particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."  Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005).

    The defendants submit that there is no genuine dispute regarding any of the criteria for judicial estoppel. They contend that the plaintiff's current patent infringement claims contradict his previous position that he had no intellectual property assets or contingent claims, that the bankruptcy court accepted the plaintiff's prior position, and that the plaintiff purposefully concealed his alleged patent rights from the bankruptcy court.  The plaintiff counters that he only learned he might still own the contested patents upon meeting with an intellectual property lawyer after his bankruptcy case was dismissed, and thus, that his current claims are not plainly inconsistent with his previous position and that any misrepresentation to the bankruptcy court was inadvertent.

4

The plaintiff also contends that because his bankruptcy was dismissed without discharge, the bankruptcy court never accepted any representation that he had no patent rights.

The Court is persuaded that this record does not establish judicial acceptance, although the content of the bankruptcy papers will be of considerable interest at trial.  The bankruptcy court may have revoked any acceptance when it dismissed the plaintiff's bankruptcy without a discharge.  <u>Wells Fargo Bank, N.A. v. Oparaji</u>, 698 F.3d 231, 237-38 (5th Cir. 2012)(reasoning that the pre-discharge dismissal of a bankruptcy case returns the parties to the status quo ante).  Material facts are in dispute.  <u>See</u> <u>id.</u>  Summary judgment is inappropriate on this record.

Accordingly, the defendants' motion for summary judgment is DENIED.

New Orleans, Louisiana, June 4, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5